**UNITED STATES of America, Plaintiff—Appellee,**

v.

**John Eric HUGHES, Defendant— Appellant.**

No. 05–6748.

United States Court of Appeals, Fourth Circuit.

Submitted Sept. 29, 2005.

Decided Oct. 7, 2005.

John Eric Hughes, Appellant Pro Se. Michael Cornell Wallace, Office of the United States Attorney, Richmond, Virginia, for Appellee.

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Dismissed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Eric Hughes, a federal prisoner, seeks to appeal the district court's order denying relief on his motion to vacate judgment pursuant to 28 U.S.C. § 2255 (2000), which Hughes attempted to bring under Rule 60(b) of the Federal Rules of Civil Procedure. An appeal may not be taken from the district court's order unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C.

§ 2253(c)(1) (2000). A certificate of appealability will not issue for claims addressed by a district court absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that the district court's assessment of his constitutional claims is debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir.2001). We have independently reviewed the record and conclude that Hughes has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

Additionally, we construe Hughes' notice of appeal and informal brief on appeal as an application to file a second or successive § 2255 motion. *See United States v. Winestock,* 340 F.3d 200, 208 (4th Cir.2003). In order to obtain authorization to file a successive § 2255 motion, a prisoner must assert claims based on either: (1) a new rule of constitutional law, previously unavailable, made retroactive by the Supreme Court to cases on collateral review; or (2) newly discovered evidence sufficient to establish that no reasonable fact finder would have found the movant guilty. 28 U.S.C. §§ 2244(b)(3)(c), 2255 (2000). Hughes' claim does not satisfy either of these conditions. Therefore, we decline to authorize Hughes to file a successive § 2255 motion.

Hughes' motions for appointment of counsel and for an evidentiary hearing are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*